OPINION of the Court, by
Judge Owsley.—
Phis.» ;s an appea[ from the decree of the court below dismis-’ sing the appellants bill. I he suit was brought m that * court bv Tanner and wife to recover the distributable sh u-e of Mrs. Tanner ('he only child of N. Halloway, to her father's estate, and a tract ol land to which they allege the appellees have improperly %btain-ed tk!e-
The bill alleges Mrs. Davidson, before her intermar-with Davidson, administered on the estate of N. JJaffoway deceased, arid together with the app-llee John Hunter, executed bond for the faithful discharge of her duty as administratrix ; and that owing to the destruc-ticn the office by fire, the bond cannot be procuied ; and pravs a decree for an adjustment of the accounts of the administratrix, &c.
Qn a j,eann„ ¡n court below, the appellants’ bill was dismissed;
So much of the bill as sought relief for the tract of land, the appellants having abandoned, need not be investigated in the consideration of this cause. The only points, therefore, involved in the determination of this appeal, grow out of the adjustment of the accoufits of the administratrix.
It not being controverted, hut unquestionably established, that Mrs. Tanner is the only child of N. Hal-loway, deceased, it necessarily follows she is entitled to all the estate of her deceased father, after the payment of all just debts an 1 expenses, with a deduction of one third to Mrs. Davidson, her mother. And it is moreover manifest that after making all such deductions and allowing the appellees credit for ail just claims, there re- *457 teams a balance due the appellants. For the amotmtof that balance, therefore, the appellants should have had a decree against Mrs; Davidscin, the administratrix, and her husband. But in ascertaining the amount to which the appellants have a right, it will be necessary to observe that though there exists some Ambiguity in the evidence as to the amount of the estate which came to the hands of the administratrix, we are inclined to the opinion, from the evidence.of Philip Williams and Jacob Hunter, who seem to have a more correct knowledge of the estate than any other .witness* that it amounted át least to three hundred dollars! It is true there is the deceáse of N. Hallo way ; bin owing to the uncertainty in the evidence in relation to that fact, we are unable to perceive on what account the horse was proven Jway, whether under a contract made with the administratrix or her intestate ; and consequently we cannot say the value of that horse should be deducted from the amount of the estate in this contest.
The charge made against the appellants for the rais* ing and maintenance of Mrs. Tanner, should not be re* ceived. to extinguish any part of the principal amount due ; but under the circumstances of this case we áre of opinion the maintenance should prevent the accumu* lation of interest.
The appellees should have a credit for the amount of all advances made Mrs. Tanner by the appellee Davidson, when she left him : for although the evidence is not very explicit in relation to that subject, yet we think the most reasonable and fair conclusion deducible from all the evidence, is, that those advances were made by D ividson, and received by Mrs. Tanner in part of the amount due her from the estate of her deceased father.
Upon the whole, we are of opinion the decree of the court below must be reversed, the cause remanded and a decree pronounced in favor of the appellants against Davidson and wife for the amount of the estate, after making such deductions as may be consistent with the principles of this opinion; But we are.also of opinion the bill as to Hunter should be dismissed- He appears to have been the security of Mrs. Davidson, and took *458 from her á bond of indemnity.; This bond appears ⅜⅜. have beet since delivered up by Hunter, in consequence of a settlement made between Davidson and Tanner j and though that settlement may not be binding on them, yet as by the act of Tanner Hunter has been deprived of the benefit of his security against Mrs. Davidson, Tanner should not be decreed any relief against him.
The. appellants must recover their costs against Davidson and wife, which-is decreed accordingly. Andi it is farther decreed and ordered that the appellants recover of the appellees Davidson and wife their costs in this court expended.